UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-00492 MMM | Date | April 27, 2009 |
|---|---|---|---|

| Title | In re Morry Waksberg, M.D. |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **Order Dismissing Bankruptcy Appeal**

    On December 15, 2008, *pro se* appellant Morry Waksberg appealed a bankruptcy court order granting trustee Alfred H. Siegel's motion to approve a compromise under Rule 9019 with creditors Rastegar & Matern, Farzad Rastegar, Matthew J. Matern, and Paul J. Weiner (BK 06-16101).[1] The appeal was transferred to this court on January 22, 2009. The appeal is one of a dozen filed over the past several months that arise from two related bankruptcy cases, one involving Morry Waksberg as an individual debtor,[2] and the other involving Morry Waksberg, M.D., Inc., a corporate debtor.[3] This appeal involves the corporate debtor.

    Morry Waksberg, M.D., Inc. ("Waksberg") is a suspended California corporation. Suspended corporations cannot appeal a bankruptcy court order. See, e.g., *In re Christian and Porter Aluminum Co.*, 584 F.2d 326, 331-32 (9th Cir. 1978) (holding that California tax law precludes a corporation suspended for failure to pay taxes from appealing a bankruptcy court decision). Accordingly, Waksberg cannot currently prosecute an appeal. Furthermore, the principal of a corporation cannot appear on its behalf *pro se*. Because it is not a natural person, the corporation must be represented by an attorney. See, e.g., *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel").

---

[1] BK 06-16101 BP, Docket No. 427 (Dec. 4, 2009).

[2] BK 06-16096 BP.

[3] BK 06-16101 BP.

Additionally, in December 2008, the court issued an order to show cause in a related appeal involving individual debtor Morry Waksberg, CV 08-07393 MMM. The order detailed the mandatory procedures with which the debtor was required to comply to proceed with an appeal.[4] Although Dr. Waksberg filed multiple responses signaling his awareness of the procedural defects detailed by the court, he remained noncompliant with the requirements of Rule 8006 of the Federal Rules of Bankruptcy Procedure, just as his corporation has remained noncompliant in this case.[5]

Rule 8006 provides, in relevant part, that "[w]ithin 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Noncompliance with this rule "is ground[s] . . . for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED.R.BANK.PROC. 8001.

Failure to comply with bankruptcy procedural rules over the course of months is proper cause for dismissal. See *Trigny Corp. v. Groshong (In re Marsh)*, 19 Fed. Appx. 727, 729 (9th. Cir. Oct. 5, 2001) (Unpub. Disp.) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal); *Tong v. Luo (In re Luo)*, No. 96-56125, 1997 WL 342231, *1 (9th Cir. June 19, 1997) (Unpub. Disp.) (holding that the district court properly dismissed a bankruptcy appeal *sua sponte* after the appellant "waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts").

This case has been pending for **133** days. During the week of April 20, 2009, the bankruptcy clerk notified the court that a notice of deficiency had been issued because, to date, Waksberg had not designated the record on appeal. In addition to constituting an "inexcusably flagrant violation of the court's rules," the delay prejudices the creditors who are the appellees in this action.

An appeal may be dismissed without issuance of a prior order so long as the court has considered the alternatives. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990) ("We disagree with Trabefin's assertion that dismissal can be granted only after a district court's prior order has been disobeyed. No actual disobedience of an order is necessary; it is enough if the district court considers alternative sanctions in lieu of dismissal. . . . Moreover, in egregious circumstances such as these, not even consideration of alternative sanctions is necessary before dismissal"). Waksberg's failure to comply with procedural requirements in this case is part of a pattern that spans a large number of actions presently pending before the court. During the past year, Dr. Waksberg and his

---

[4] See Order to Show Cause re Dismissal re Lack of Prosecution, Case No. 08-07393 Docket No. 8 (Dec. 9, 2008).

[5] According to the bankruptcy clerk, to date Dr. Waksberg has not filed a Statement of Issues in Case No. CV 08-07393 MMM.

corporation have continually filed new appeals and continually failed to satisfy procedural requirements. As discussed, the court has already issued an order in a related appeal, detailing the bankruptcy rules' procedural requirements. Despite this, Waksberg has not rectified the deficiencies in any of its pending appeals.[6] Given this fact, the court concludes that issuing additional orders to show cause, and providing additional time to Waksberg to comply with procedural requirements, would only serve to cause further delay, and would be futile.

For these reasons, the appeal is dismissed.

---

[6]On April 24, 2009, the bankruptcy clerk confirmed that all of Waksberg's twelve pending bankruptcy appeals are procedurally deficient in one or more respects.